UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES E. BOYNTON,   CIVIL DIVISION

    Plaintiff,   Case No._____

v.

CITY OF TALLAHASSEE, a Florida
Municipality, and CURTIS NORTON,
WAYNE ELLISON and LINDSEY
CAMERON, Individually.

    Defendants.

**COMPLAINT FOR DAMAGES**

**Introduction**

    James Boynton had a diabetic emergency at a Tallahassee grocery store checkout line. Leon County Emergency medical technicians (EMTs) were called. Rather than assessing Mr. Boynton on the spot, where something sweet would have resolved the crisis, the EMTs chose to wait until they had Mr. Boynton in their ambulance, during which time Mr. Boynton became increasingly panicked. Because of Mr. Boynton's panic, the EMTs called police. Tallahassee Police. Officer Curtis Norton arrived and ordered Mr. Boynton to get on a stretcher. Officer Norton, also a first responder, did not evaluate the situation but resorted immediately to prolonged force. Because Mr. Boynton didn't respond quickly, Officer Norton stunned him through ten cycles in a little more than a minute, causing great pain and physical harm.

Plaintiff sues Defendants and alleges:

1. This is an action for damages under the provisions of 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state law claims alleged herein.

3. Notice as to state claims has been served pursuant to § 768.28, Florida Statutes, and all other conditions precedent have been satisfied or waived.

## Parties

4. At all times material hereto, JAMES BOYNTON, resided in Leon County.

5. At all times material hereto, Defendant CITY OF TALLAHASSEE was a municipality organized and existing under the laws of the State of Florida.

6. At all times material hereto, Defendant CURTIS NORTON was a police officer employed and supervised by the CITY OF TALLAHASSEE.

7. At all times material hereto, Defendant WAYNE ELLISON was an employee of the Leon County Emergency Medical Services as a paramedic.

8. At all times material hereto, Defendant LINDSEY CAMERON was an employee of the Leon County Emergency Medical Services (LCEMS) as an emergency medical technician (EMT).

9. At all times material hereto, the above Defendants were acting within the scope of their employment and under color of law.

10. The Defendants acted collectively and in concert with each other.

## Common Allegations of Fact

11. On July 18, 2010, early afternoon, Plaintiff James. Boynton was at the Winn Dixie Store on Paul Russell Road, Tallahassee, Leon County, Florida.

12. Mr. Boynton, (DOB: April 16, 1976) has been an insulin-dependent diabetic since the age of six (6).

13. As Mr. Boynton shopped, he realized his blood sugar levels were low and he began to feel weak, so he proceeded to the cashier's checkout line.

14. As Mr. Boynton's groceries were being scanned, he became confused, lost motor skills, and began to have difficulty speaking.

15. Plaintiff exhibited the classic signs of a diabetic emergency.

16. A Winn Dixie employee called 911.

17. The first emergency personnel to arrive at the Winn Dixie store after the 911 call were members of the Tallahassee Fire Department.

18. The second to respond were a Leon County Emergency Management Services (LCEMS) team that included Wayne Ellison, a paramedic, and Lindsey Cameron, an Emergency Medical Technician ("EMT").

19. Ellison and Cameron reported making contact with Mr. Boynton at 1:12 p.m.

20. Ellison and Cameron failed to assess Boynton immediately on arrival but placed him on a stretcher and moved him to their ambulance.

21. As Mr. Boynton was being moved from the store to the ambulance, he was able to tell paramedics he needed something sweet.

22. Boynton did not tell the EMS team he had taken drugs.

23. Paramedics told Mr. Boynton he was being "Baker acted," i.e., involuntarily committed to a mental health facility as a danger to himself or others.

24. Mr. Boynton became frightened and tried to leave the ambulance.

25. At around 1:21 p.m., Defendant Ellison called law enforcement.

26. Mr. Boynton's panic was consistent with the known indicators of diabetic shock that include aggressiveness and combativeness.

27. The paramedics ignored the signs of diabetic hypoglycemia, which can be quickly addressed by giving the patient fruit juice or a sweet snack.

28. The paramedic team ceased efforts to assess or treat Mr. Boynton.

29. Tallahassee Police Officer Curtis Norton (TPD 554) arrived at 1:25 PM and found Mr. Boynton on the floor of the ambulance.

30. Defendant Norton reported that Mr. Boynton was verbally unresponsive and that he clung to the gurney, preventing his body from being moved.

31. As Defendant Norton tried to lift Mr. Boynton off the ambulance floor, he said Mr. Boynton attempted to speak, but his words were slurred.

32. Defendant Norton used a "bear hug" to lift Mr. Boynton onto the gurney.

33. Once on the gurney, Defendant Norton said he told Mr. Boynton to turn on his back so he could be treated and Mr. Boynton did not comply

34. Defendant Norton said because Mr. Boynton was not cooperating with efforts to reposition him, he decided to use his Taser on Boynton.

35. Defendant Norton said he did not give Mr. Boynton a verbal warning that he was about to deploy the Taser because he felt Mr. Boynton was not listening.

36. Defendant Norton said he applied the Taser in drive stun mode to Mr. Boynton's back several times, but Mr. Boynton did not turn on his back.

37. Defendant Norton reported that he continued to apply the Taser to Mr. Boynton because he moved around after each application.

38. As the application of the Taser continued, Officer Norton described Mr. Boynton as continuing to tense his arms by his side.

39. Officer Norton said he Tasered Mr. Boynton on the chest, back, and thigh.

40. Defendant Norton applied the Taser to Mr. Boynton through approximately ten five-second shock cycles totaling a minute and 20 seconds.

41. The Taser print-out shows nine cycles between 1:28:10 p.m. and 1:29:30 p.m. but eight are five-second cycles and one is a double-cycle (9 seconds).

42. During the Taser use, Mr. Boynton also suffered bruises and other trauma.

43. Officer Norton then handcuffed Mr. Boynton's arms behind his back.

44. Officer Norton ignored the signs of diabetic hypoglycemia, which can be quickly addressed by giving the patient fruit juice or a sweet snack.

45. Officer Norton reported that he was later informed that Mr. Boynton's blood sugar levels were below the required standard.

46. A proper medical assessment showed Mr. Boynton was suffering hypoglycemia associated with diabetes.

47. Mr. Boynton arrived at Tallahassee Memorial Hospital at 2:00 p.m.

48. At the emergency room Mr. Boynton's body was photograph and such photographs depict wounds on Mr. Boynton's abdomen, back, thigh and arm.

49. Mr. Boynton had other wounds and welts all over his body.

50. Mr. Boynton experienced pain and numbness in his right leg, his left thigh was swollen, he experience uncontrollable twitching, and numbness in his arm.

51. After the physical assault and initial recovery from trauma, Mr. Boynton has continued to suffered pain and numbness in his right lower extremity.

52. Mr. Boynton had not suffered these symptoms before this incident.

53. Mr. Boynton has been diagnosed and had to receive treatment for neurologic damage to his lumbar spine consistent with the trauma he suffered.

54. An essential part of the basic training required to become licensed as a paramedic or EMT is to assess patients who are unresponsive or combative to determine if the patient is suffering from a diabetic emergency.

55. Emergency medical teams and first responders are trained to understand signs and symptoms of a diabetic emergency may be similar to those of intoxication, including slurred speech, poor motor skills, anxiety and combativeness.

56. Defendants Ellison and Cameron ignored clear and obvious classic signs of a diabetic emergency, ignored Mr. Boynton's requests for "something sweet."

57. Defendant Norton disregarded his training as a first responder regarding diabetic emergencies, and resorted immediately to physical force.

58. Defendants Norton, Ellison, and Cameron, acted in concert in using unreasonable force on Mr. Boynton, in the absence of any threat to them, and in denying liberty and timely treatment to Mr. Boynton.

59. Defendant Norton repeatedly and excessively used his Taser on Mr. Boynton though Mr. Boynton offered no aggression toward Defendant Norton.

60. Defendant City of Tallahassee has failed to adequately train, supervise, investigate, or discipline Tallahassee Police officers for abuse.

61. Defendant City of Tallahassee has a policy that permits the use of a Taser for pain compliance where there is no substantial threat to any person.

62. Because of the aforesaid wrongful acts, James Boynton suffered physical injuries, was deprived of liberty, subjected to indignity, great fear, humiliation, pain and suffering, and emotional distress now and in the future.

## Causes of Action

### I. Excessive Force under 42 U.S.C. § 1983 (Individual Defendants)

63. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

64. Plaintiff is entitled to relief against the individual Defendants because they unreasonably used excessive force against Plaintiffs in violation of the Fourth Amendment to the United States Constitution.

65. Each of the Defendants was summoned in their official capacity and had a duty to utilize their education, training, and experience to assess Mr. Boynton to assess his medical emergency, but each breached that duty.

66. Each of the individual Defendants failed to intervene to restrain the others from violations of Mr. Boynton' constitutional rights, though able to do so.

67. At the time of the incident at issue, Plaintiff was suffering from a medical crisis, hypoglycemia, and each of the Defendants had a continuing duty to assess Mr. Boynton and treat his medical emergency.

68. These wrongful acts were the proximate cause of injuries further described above in the Common Allegations of fact.

69. Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with authority of state law. The violations of Plaintiffs' rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. Section 1983.

70. Plaintiff has been forced to retain counsel to vindicate his rights and pursuant to 42 U.S.C. § 1988, Plaintiffs is entitled to reasonable attorney's fees and costs WHEREFORE, Plaintiff seeks relief as further described below.

## II.     False Imprisonment under 42 USC § 1983 (Individual Defendants)

71. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

72. Plaintiff is entitled to relief against the Individual Defendants because they intentionally and unlawfully imprisoned Plaintiff against his will without legal justification; and held him in such complete restraint for an unreasonable time in violation of the Fourth Amendment to the U.S. Constitution.

73. Each of the individual Defendants failed to intervene to restrain the others from violations of Mr. Boynton's constitutional rights, though able to do so.

74. These wrongful acts were the proximate cause of injuries further described above in the Common Allegations of fact.

75. Defendants misused their power, possessed by virtue of state law and made possible only because Defendants were clothed with authority of state law. The violations of Plaintiffs' rights occurred under color of state law and are actionable under 42 U.S.C. Section 1983

76. Plaintiffs have been forced to retain counsel to represent them to vindicate their rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to reasonable attorney's fees and costs

WHEREFORE, Plaintiffs seek relief as further described below.

### III. Failure to Treat under 42 USC § 1983 (Individual Defendants)

77. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

78. Plaintiff is entitled to relief against the Individual Defendants because they failed to provide needed treatment to Mr. Boynton during a critical period of time contrary to the 14th Amendment to the U.S. Constitution.

79. Each of the individual Defendants failed to intervene to restrain the others from violations of Mr. Boynton's constitutional rights, though able to do so.

80. These wrongful acts were the proximate cause of injuries further described above in the Common Allegations of fact.

81. Defendants misused their power, possessed by virtue of state law and made possible only because Defendants were clothed with authority of state law. The violations of Plaintiffs' rights occurred under color of state law and are actionable under 42 U.S.C. Section 1983

82. Plaintiffs have been forced to retain counsel to represent them to vindicate their rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to reasonable attorney's fees and costs

WHEREFORE, Plaintiffs seek relief as further described below.

## IV. Deliberate Indifference under 42 USC § 1983 (City of Tallahassee)

83. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

84. Plaintiff is entitled to relief against the City of Tallahassee because the City was deliberately indifferent to the known risks of harm in the use of excessive force, false imprisonment, and failure to treat alleged above.

85. The City of Tallahassee was deliberately indifferent in allowing the indiscriminate use and over-use of Tasers, failure to train officers, as first responders, to recognize medical emergencies, and to respond to medical emergencies with punitive over-reaction.

86. The City of Tallahassee was aware of the need for better training and more or better policies to prevent the substantial likelihood of harm to citizens.

87. These wrongful acts were the proximate cause of injuries further described above in the Common Allegations of fact.

88. Defendants misused their power, possessed by virtue of state law and made possible only because Defendants were clothed with authority of state law. The violations of Plaintiffs' rights occurred under color of state law and are actionable under 42 U.S.C. Section 1983

89. Plaintiffs have been forced to retain counsel to represent them to vindicate their rights. Pursuant to the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to reasonable attorney's fees and costs

WHEREFORE, Plaintiffs seek relief as further described below.

## V.  Common Law Negligence (City of Tallahassee)

90. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

91. In the alternative, Plaintiff is entitled to relief against the Defendant City of Tallahassee for its negligence in relation to the wrongful acts describe above.

92. The City owed Plaintiff a duty of care in the training, supervision, discipline, and retention of its officers and the City breached that duty as shown above.

93. The conduct of the Defendant Officers was serious but was within the scope of behavior subject to respondeat superior under Florida law.

94. Mr. Boynton's emotional distress is severe. The wrongful acts were the proximate cause of injuries described in the Common Allegations of fact.

WHEREFORE, Plaintiff seeks relief as further described below.

## VI.  Negligent Infliction Of Emotional Distress (City of Tallahassee)

95. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

96. In the alternative, Plaintiffs are entitled to relief against the Defendant City of Tallahassee for its negligence in relation to the wrongful acts describe above.

97. The conduct of the Officer Norton was extreme and outrageous.

98. Officer Norton used his Taser through ten shock cycles all over Mr. Boynton's body despite the lack of threat to Officer Norton or others.

99. The emotional distress of Mr. Boynton is severe.

100. These wrongful acts were the proximate cause of injuries further described above in the Common Allegations of fact.

    WHEREFORE, Plaintiffs seek relief as further described below.

## VII.   Common Law Battery (Individual Defendants)

101. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

102. In the alternative, Plaintiffs is entitled to relief against the Individual Defendants for Common Law Battery.

103. Each of the Defendants acted in his official capacity and had a duty to utilize his education, training, and experience to assess Mr. Boynton to determine if he was suffering from a medical emergency, but each breached that duty.

104. Defendants Curtis Norton, Wayne Ellison, and Lindsey Cameron, acting in concert, inflicted harmful and offensive contact upon Plaintiffs with the intent to cause such contact, as described above.

105. Plaintiff did not invite or consent to the physical contact inflicted upon him by Defendants Curtis Norton, Wayne Ellison, and Lindsey Cameron.

106. At the time of the incident at issue, Plaintiff was suffering from a medical emergency, hypoglycemia, and each of the Defendants had a continuing duty to assess Mr. Boynton to determine if his mental status, including unresponsiveness, was due to a medical emergency.

107. Based on the willful, outrageous and malicious conduct of these Defendants, as is set out herein, Plaintiff is entitled to a substantial award of punitive damages against Defendants sued in their individual capacities.

108. These wrongful acts were the proximate cause of injuries further described above in the Common Allegations of fact.

WHEREFORE, Plaintiff seeks relief as further described below.

### **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully seeks judgment as follows:

A. That the Court assume jurisdiction over this action;

B. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States and State of Florida;

C. Compensatory damages against each of the defendants herein;

D. Punitive damages against the Individual Defendants under federal law;

E. Attorney's fees pursuant to 42 U.S.C. §§ 1988 and costs;

F. A trial by jury on all issues so triable;

G. Such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax

*/s/ Stephen M. Masterson*
STEPHEN M. MASTERSON, ESQ.
Florida Bar Number 201014
2927 Kerry Forest Parkway
Tallahassee, Florida 32309
(850) 224-7653; 222-0206 fax